FILED
SUPERIOR COURT
OF GUAM

2020 JAN 28 AM 9: 44

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0600-19 |
| vs. | DECISION AND ORDER |
| SOHLANSE ROPONEI, Jr., | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on December 16, 2019 and January 16, 2020, for hearing on Defendant Sohlanse Roponei, Jr.'s ("Defendant") Motion and Application for Bail Redetermination Hearing Under 8 G.C.A. § 45.50 for Release on Personal Recognizance or Third-Party Custodian ("Motion for Bail Redetermination"). On January 16, 2020, Defendant was present with counsel, Assistant Public Defender Kristine Borja[1] and Assistant Attorney General Brendlynn Joseph was present on behalf of the People of Guam ("the Government"). In accordance with its ruling from the bench on January 16, 2020, the Court now issues the following Decision and Order DENYING Defendant's Motion for Bail Redetermination.

---

[1] At the hearing, Attorney Borja moved to withdraw Public Defender Service Corporation as counsel for Defendant due to a concurrent conflict of interest. Alternate Public Defender was subsequently appointed as counsel for Defendant.

---

*People v. Roponei*
Case No. CF0600-19
Decision and Order

## BACKGROUND

On November 14, 2019, Defendant was indicted with two counts of First Degree Criminal Sexual Conduct (As a First Degree Felony) and three counts of Second Degree Criminal Sexual Conduct (As a First Degree Felony). (Indictment, Nov. 14, 2019). These charges stem from allegations that Defendant engaged in sexual contact and sexual penetration almost every other day with S.N. (DOB: 05/19/2004), a minor under fourteen years of age, on or about the period between August 1, 2012 to May 31, 2015 inclusive. *See* Decl. of Christine Santos Tenorio, Magistrate's Compl., Nov. 6, 2019). It is further alleged that during one incident, Defendant licked the victim's vagina and inserted his fingers, and that in another incident, he placed her hands inside his shorts and made her "masturbate him." *Id.*

On November 22, 2019, Defendant filed the instant Motion for Bail Redetermination. Defendant is confined pending the posting of $10,000 cash bail. *See* Commitment Order, Nov. 6, 2019.

On December 16, 2019, the matter came before the Court for Motion Hearing. The Government did not file a written response to the Motion prior to the hearing, but indicated its opposition to the Motion orally. The Court then gave the Government an opportunity to file their opposition in writing.

On December 26, 2019, the Government filed its Response to the Motion for Bail Redetermination.

## DISCUSSION

Defendant moves the Court to release him on personal recognizance as he does not have the means to pay the ten thousand dollar ($10,000.00) cash bail. *See generally*, Mot. Bail Redetermination, Nov. 22, 2019.

Under Guam law, the Court must "order the person charged to be released on recognizance, unless the judge determines, in his discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 8 G.C.A. § 40.15(b). Factors for the Court to consider in determining whether Defendant presents a

substantial risk of nonappearance or is a danger to the safety of any other person or the community include:

(1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;

(2) the history and characteristics of the person charged, including:

    (i) length of his/her residence on Guam;

    (ii) his/her employment status and history, and financial condition;

    (iii) his/her family ties and relationships;

    (iv) his/her reputation, character and mental and physical condition;

    (v) his/her prior criminal record, if any, including any record of prior release on recognizance or on bail;

    (vi) his/her history relating to drug or alcohol abuse;

    (vii) the identity of the reasonable members of the community who will vouch for his/her reliability;

    (viii) whether at the time of the current offense or arrest, he/she was on probation, on parole or on other release pending trial, sentencing, appeal or completion of sentence of an offense under Federal, state or local law; and

    (ix) his/her history of compliance with other court orders;

(3) the nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released; and

(4) any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual member thereof if released.

8 G.C.A. § 40.15(c).

If the Court finds that release on his or her own recognizance would not assure a defendant's appearance or would present a danger to any other person or the community, the Court may still permit release subject to certain conditions under 8 G.C.A. § 40.20. These conditions include:

(a) placement of the person in the custody of a designated person or organization agreeing to supervise him and to assist him in appearing in Court;

(b) placement of restrictions on the activities, movements, associations and residence of the person;

(c) placement of the person under supervision by means of electronic monitoring, including electronic monitoring with alleged victim stay-away alert technology, if available, and subject to the payment of fees or the exemption of fees, and other rules established by the court for electronic monitoring;

    (d) execution of a bond in an amount specified by the judge; such bond in the discretion of the judge to be either unsecured or secured in whole or in part by the deposit of cash or other property, or by the obligation of qualified sureties;

    (e) release of the person during working hours, but with the condition that he return to custody at specific times;

    (f) require the person charged with family violence or violation of a protective order to undergo a lethality risk assessment or other risk assessments deemed appropriate by the Judiciary of Guam; or

    (g) any other condition reasonably necessary to assure appearance as required and the safety of any other person and the community.

8 G.C.A. § 40.20. Under section 40.20, the least onerous conditions shall be imposed to ensure Defendant's appearance as required and the safety of any other person and the community. "Determinations as to bail conditions and amounts are not to be driven by the goal of keeping the accused incarcerated, but should rather be reached in consideration of the only authorized interests, *to wit*, ensuring the appearance of the accused and the safety of others." *People v. Song*, 2011 Guam 19 ¶ 11.

In support of his motion, Defendant offers that he is a U.S. citizen and resident of Guam; that at the time of his arrest he was employed; that he has family ties to Guam including his sibling, girlfriend, and minor children; and has a low ORAS score. *See* Mot. Bail Redetermination at 2-3.

Upon consideration of the 8 G.C.A. § 40.15 factors, the Court is concerned with safety of the community and whether Defendant will appear in court when required. The Court recognizes the very serious nature of the offense charged, along with the potential sentence Defendant would face, should he be convicted of the charges. Defendant is charged multiple counts of sexual abuse against a minor when she was between the ages of eight and ten years old. Defendant faces a minimum sentence of fifteen (15) years with up to two life sentences for the two counts of the First Degree Criminal Sexual Conduct (As a First Degree Felony). *See* 9 G.C.A. § 25.15(b). Such a lengthy potential sentence would give anyone so accused considerable incentive to avoid future court hearings in the matter.

Thus, upon the Court's review, Defendant's release only on personal recognizance does not sufficiently allay the Court's concerns at this time. This decision, however, does not

preclude Defendant from requesting release with proposed third-party custodians or release on electronic monitoring in the future.

CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Bail Redetermination. Further Proceedings are set for February 6, 2020 at 9:00 a.m.

**IT IS SO ORDERED,** *nunc pro tunc* to January 16, 2020, this ____ **JAN 2 8 2020** ____.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**

I ack...wledge that a copy of the original hereto was placed in the court box of:

AG Prosecution,
APD

Date: 1/28/20 Time: 10:30am
Antonie of Cruz
Deputy Clerk, Superior Court of Guam

*People v. Roponei*
Case No. CF0600-19
Decision and Order